# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-992V

|  |  |
|---|---|
| ALEXIS RODRIGUEZ,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 14, 2026 |

*Catherine Wallace Costigan, Mctlaw, Washington, DC, for Petitioner.*

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for Respondent.*

### **DECISION AWARDING DAMAGES**[1]

On June 28, 2023, Alexis Rodriguez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome after receiving an influenza vaccine on January 3, 2022. Petition at ¶¶ 1, 51-52. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 15, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On May 13, 2026, Respondent filed an amended proffer on award of compensation ("Amended Proffer") indicating that Petitioner should be awarded $144,250.00 for pain and suffering, $11,338.97 for lost wages, and $72,973.77 to satisfy a State of Arizona Medicaid lien. Am. Proffer at 2. In the Amended Proffer, Respondent represents that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Amended Proffer. Pursuant to the terms stated in the attached Amended Proffer, **I award the following compensation:**

a. **A lump sum payment of $155,588.97, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

b. **A lump sum payment of $72,973.77, representing compensation for satisfaction of the State of Arizona Medicaid lien, in the form of a check payable jointly to Petitioner and**

> **Arizona Health Care Cost Containment System Administration (AHCCCS)**
> **Attn: Joel Eagelston**
> **P.O. Box 10530**
> **Phoenix, AZ 85064**
> **Reference No. A179002**

**Petitioner agrees to endorse the check to AHCCCS, for satisfaction of the Medicaid lien.**

This amount represents compensation for all damages that would be available under Section 15(a).[3]

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Respondent represents that the first lump sum payment of $155,588.97 has already been paid to Petitioner. Am. Proffer at 3 n.2. The only payment that Respondent will issue following judgment on the Amended Proffer is for the Medicaid lien. *Id.*

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ALEXIS RODRIGUEZ, ) | |
| ) | No.  23-992V  ECF |
| Petitioner, ) | |
| ) | |
| v. ) | Chief Special Master Corcoran |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S AMENDED PROFFER ON AWARD OF COMPENSATION

On June 28, 2023, Alexis Rodriguez ("petitioner") filed a petition for compensation

under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34

("Vaccine Act" or "Act"), alleging that he suffered an injury that is compensable under the

National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34, that

is, Guillain-Barre Syndrome ("GBS"), as defined in the Vaccine Injury Table following

administration of an influenza ("flu") vaccine he received on January 3, 2022.  Petition at 1-2.

On October 11, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule

4(c) Report indicating that this case is appropriate for compensation under the terms of the Act

for a GBS Table injury, and on October 15, 2024, the Chief Special Master issued a Ruling on

Entitlement finding petitioner entitled to compensation.  ECF No. 29 and 30.  Subsequently, the

parties became aware of errors in both the amount requested for a Medicaid lien and to whom the

lien was owed, and filed a Joint Motion for Relief from Judgment on April 16, 2026.  ECF No.

54.  That motion is pending.

**I.      Items of Compensation**

A.  Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$144,250.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

B.  Lost Wages

Evidence supplied by petitioner documents that he incurred past lost wages related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of $**11,338.97**.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

C.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Arizona Medicaid lien in the amount of **$72,973.77**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Arizona may have against any individual as a result of any Medicaid payments the State of Arizona has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about January 3, 2022, under Title XIX of the Social Security Act.  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.     Form of the Award**

The parties recommend that compensation provided to petitioner should be made  through two lump sum payments described below, and request that the Chief Special Master's decision

and the Court's judgment award the following: [1]

A.  A lump sum payment of **$155,588.97** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

B.  A lump sum payment of **$72,973.77**, representing compensation for satisfaction of the State of Arizona Medicaid lien, in the form of a check payable jointly to petitioner and:

AHCCCS
Attn: Joel Eagelston
P.O. Box 10530
Phoenix, AZ 85064
Reference No. A17900283

Petitioner agrees to endorse the check to AHCCCS, for satisfaction of the Medicaid lien.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Summary of Recommended Payments Following Judgment

**A.**  Lump sum payable to petitioner                              **$155,588.97**[2]

**B.**  Medicaid lien:                                              **$72,973.77**

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

[2]  The lump sum payment has already been paid by respondent.  The only payment that will issue following judgment on this amended proffer is for the Medicaid lien.

3

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ Camille M. Collett
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4098
Fax: (202) 616-4310
Email: Camille.m.collett@usdoj.gov

Date:  May 13, 2026

4

## CERTIFICATE OF SERVICE

I certify that today, May 13, 2026, a copy of the foregoing pleading was served by electronic mail to Joseph Vockovich at jvuckovich@mctlaw.com.

s/ Camille M. Collett